## DYSON and Others *v.* REPP and Others.

WILL.—SUSPENSION OF OWNERSHIP OF PROPERTY.—A, by her will, directed that all of her property be converted into money, and then divided into seven equal parts, four of which were given to the "heirs" of her four children. The will directed the money to be put at interest and paid to the heirs as they should severally arrive at the age of twenty-one years. The children of the testator were all living at her death, and the grandchildren were all minors. One grandchild was born after the death of the testator.

*Held*, that the bequests were valid, and not in conflict with the provisions of the statute concerning the suspension of the ownership of personal property. 2 G. & H. 482. The estate vested upon the death of the testatrix.

*Held*, also, that if grandchildren born after the death of the testatrix can claim under the will, the distribution as to them must take place when the youngest grandchild living at the death of the testatrix arrives at twenty-one years of age.

APPEAL from the *Bartholomew* Common Pleas.

RAY, J.—This was a proceeding instituted to have certain bequests in the will of *Mary Repp* declared void. The will directs that all her estate shall be converted into money,

and, after certain specific legacies are paid, divided into seven equal parts, of which four parts are to be divided among "the heirs" of her children, *Mary Jane Barlow*, *Catharine Dyson*, *Eli Repp* and *Benjamin Repp*, one part going to the heirs of each; and that the money shall be put at interest and paid to the heirs as they arrive at the age of twenty-one years. The children named above are all living. The grandchildren are all minors, and one has been born since the death of the testatrix.

It is claimed that the provisions of the will relative to the suspension and ownership of the property, until the arrival of the heirs of the children named above at the age of twenty-one years, are void, under the statute. The court below, on the trial, found, as a matter of law, the provision of the will valid.

This ruling is in accordance with the authorities. The estate vested upon the death of the testatrix. *Tucker* v. *Bishop*, 16 N. Y. 404. The accumulation could only continue till the youngest grandchild living at the death of the testatrix arrived at the age of twenty-one years. 2 G. & H. §§ 1, 2, p. 482. If the grandchildren of the testatrix, born after her death, can share under the will, the distribution as to them also must take place as soon as the youngest grandchild living at the time of her death arrives at twenty-one years of age.

The judgment is affirmed.

*S. Stansifer* and *F. Winter*, for appellant.